UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MAYS,

    Plaintiff,                                    Hon. Gordon J. Quist

v.                                                   Case No. 1:11 CV 694

UNKNOWN GORMAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction. (Dkt. #50). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff initiated this action on July 7, 2011, against twenty defendants alleging various First Amendment, Eighth Amendment, and Fourteenth Amendment claims. (Dkt. #1). On August 24, 2011, the Honorable Gordon J. Quist dismissed all of Plaintiff's claims, save his claims against Defendants Gorman and Lehner. (Dkt. #8-9). Plaintiff now requests unspecified injunctive relief.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement*

*Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has failed to submit any evidence that would entitle him to prevail on any of the remaining claims in this action. Instead, the present motion consists of allegations concerning matters that are not presently at issue in this action. Plaintiff has failed to articulate the nature of the injunctive relief he seeks. Because Plaintiff has failed to articulate the precise relief he is seeking, the Court cannot determine whether Plaintiff would suffer irreparable harm in the absence of such. Furthermore, the Court concludes that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of any evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion be **denied**.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction</u>, (dkt. #50), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  October 9, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge